## WISE *v.* ALLIS.

1. In giving notice, under the 15th section of the Patent Act of July 4th, 1836, of the names and places of residence of those by whom he intends to prove a previous use or knowledge of the thing, and where the same had been used, the party giving notice is not bound to be so specific as to relieve the other from all inquiry or effort to investigate the facts. If he fairly puts his adversary in the way that he may ascertain all that is necessary to his defence or answer, it is all that can be required, and he is not bound by his notice to impose an unnecessary and embarrassing restriction on his own right of producing proof of what he asserts.
2. *Held,* therefore, in a suit for infringing a patent for balancing millstones, that when, in addition to the particular town or city in which such large objects as millstones are used, the name and residence of the witness by whom that use was to be proved was also given, there was sufficient precision and certainty in the notice.

ON certificate of division of opinion between the judges of the Circuit Court for the District of Wisconsin.

The Patent Act of July 4th, 1836, referring to suits for the infringement of patents, enacts by its 15th section that "whenever the defendant relies in his defence on the fact of a previous invention, knowledge, or use of the thing patented, he shall state in his notice of special matter the

names and places of residence of those whom he intends to prove to have possessed a prior knowledge of the thing, *and where the same had been used.*"

This section being in force, Wise sued Allis in the court below for infringement of a patent for an improvement in balancing millstones. The defendent pleaded the general issue, and also gave notice that the invention claimed was well known and in general use before the patentee professed to have invented it, and he specified Utica, Rochester, Buffalo, Albany, *New York City, and Brooklyn,* in the State of New York, as the places where it had so been used, and gave the names of witnesses in each of those places by whom he expected to prove that fact; but he did not specify the mills in which the supposed prior use had been made.

On the trial the judges of the Circuit Court differed in opinion as to whether the notice was sufficiently specific in its reference to the places where the prior use was had, and certified that difference to this court in the shape of two questions, in substance, to wit, this, whether the evidence of use, taken under that notice, was admissible. In form, the questions were:

1st. Is the defendant entitled, under his notice, to give evidence of the use of said invention or millstone balance by any person or persons prior to the alleged invention by the patentee thereof?

2d. Should evidence of such prior use of said invention or millstone balance be excluded on the ground that the notice aforesaid is defective and insufficient for the purpose of such evidence?

*Mr. Walker, for the defendant, contended,*

That the notice did not specify place: that Utica, Rochester, Buffalo, Albany, New York City, or Brooklyn, were indeed each *a place.* So was England, India, France, Spain, or Wisconsin, each *a place.* To refer the plaintiff to New York City, with her population of 1,300,000, and her mills, numbering 916, as the place where prior use was made of his invention, was mockery. Reference to the whole State

of Wisconsin, Iowa, Minnesota, or Kansas, would have been to a less number of people or mills; and to a place where search could have been made with far less of danger. Under this notice, after plaintiff had travelled from Wisconsin to New York City; had gone the rounds of nine hundred and fifteen of her mills, and returned after incurring onerous expenses, and finding nothing like his invention, and all this within thirty days; he might still be defeated on the trial, by having the fact sprung upon him in evidence, that it was the very nine hundred and *sixteenth* mill in which his cherished invention had been used. Then why not have told him so at first, *in the notice?* He could then have gone to that mill at once. If he had found the notice true, he could have abandoned an unjust suit. If false, could have prepared to repel a pirate's unjust defence. Yet, New York was but one of six large cities named in the notice to be searched by the plaintiff within thirty days, and a thousand miles away.

*Mr. M. H. Carpenter, contra.*

Mr. Justice MILLER delivered the opinion of the court.

The degree of particularity or certainty necessary in pleas and notices is an ever-recurring question in judicial proceedings, and can never be effectually disposed of so long as new and varying circumstances may present the question in new aspects.

The object of the rule is undoubtedly to enable the other party to make such answer or response to the matter set up in the plea or notice, either by way of pleading or of evidence, or such cross-examination of the witness of the party setting up the plea or notice as the facts of his case may enable him to do. In other words, to apprise him fairly of what he may expect to meet under the plea or notice.*

In the case before us, in addition to the common law rules, Congress has, for the protection of patentees, made an enactment on the subject. With the requirements of this statute the defendant has complied, so far as the names and

---

* Teese *v.* Huntingdon, 23 **Howard, 10.**

residence of the witnesses are concerned; but it is denied that he has been sufficiently specific as to the places where the use was to be shown. It is said that it is not sufficient to name the city, but that the particular mill in which the invention had been used must be pointed out. But we cannot take judicial notice how many, or how few, mills using stones may be in any particular locality. In some town there may be but one. Nor do we think that the party giving notice is bound to be so specific as to relieve the other from all inquiry or effort to investigate the facts. If he fairly puts his adversary in the way that he may ascertain all that is necessary to his defence or answer, it is all that can be required, and he is not bound by his notice to impose an unnecessary and embarrassing restriction on his own right of producing proof of what he asserts. We are all, therefore, of opinion, that when, in addition to the particular town or city in which such large objects as millstones are used, the name and residence of the witness by whom that use is to be proved is also given, there is sufficient precision and certainty in the notice.*

The questions propounded are accordingly answered: the first in the affirmative, and the second in the negative.

---

* Phillips *v.* Page, 24 Howard, 164.