## TAYLOR v. FORD MOTOR CO.

(District Court, N. D. Illinois, E. D. October 31, 1924.)

No. 3820.

**1. Damages 87(1)—In absence of express statutory provision, court is without authority to assess exemplary damages.**

In the absence of express statutory provision, a court of equity is without authority to assess exemplary or punitive damages.

**2. Discovery 4—Equity will not compel discovery in aid of action for penalty.**

A court of equity will not compel a discovery in aid of an action at law in which a penalty is sought.

**3. Patents 281—Authority given courts of equity to increase damages in infringement suits within power of Congress.**

The provision of Rev. St. § 4921 (Comp. St. § 9467), authorizing courts of equity in infringement suits, as incidental to the exercise of their ordinary jurisdiction, to increase the damages beyond the amount awarded as compensatory, is within the power of Congress.

**4. Courts 332—Rules adopted by Supreme Court have force of law.**

The equity rules promulgated by the Supreme Court, under authority of Rev. St. §§ 913, 917 (Comp. St. §§ 1536, 1543), when not in conflict with the Constitution or statutes of the United States, have the force and effect of law.

**5. Witnesses 295—Corporate defendant in infringement suit cannot claim privilege from answering interrogatories on the ground that it may subject it to treble damages.**

When Congress provided in Rev. St. § 4921 (Comp. St. § 9467), that punitive damages might be awarded by a court of equity in infringement suits, it removed those cases from the operation of the ordinary rule as to penalties and forfeitures obtaining in courts of equity, and created a class of cases in which penalties are enforced, but in which the parties have the same rights as to evidence, discovery, and modes of procedure as they would have in an ordinary equity suit, including the right of discovery under the general terms of equity rule 58, by interrogatories to be answered by an officer of a corporation, defendant or complainant.

**6. Witnesses 306 — Witness cannot claim privilege on behalf of others, or corporation of which he is officer or employee.**

The benefits of Const. U. S. Amend. 5, are exclusively for the witness required to testify against himself in a criminal case, and he cannot set them up on behalf of any other individual, or of a corporation of which he is an officer or employee.

**7. Discovery 63—General rule as to interrogatories permissible in equity stated.**

The general rule as to the character and scope of interrogatories permissible under equity rule 58 stated.

In Equity. Suit by Cecil Hamelin Taylor against the Ford Motor Company. On objections by defendant to interrogatories filed by complainant. Sustained in part.

Brown, Boettcher & Dienner and Alexander C. Mabee, all of Chicago, Ill., for plaintiff.

Rector, Hibben, Davis & Macauley and Harry W. Lindsey, Jr., all of Chicago, Ill., for defendant.

WILKERSON, District Judge. Plaintiff has filed interrogatories under rule 58, to all of which defendant objects. One of the grounds assigned is that plaintiff asserts the right to recover threefold damages as provided in section 4921, R. S. (Comp. St. § 9467), and that a court of equity will not require a discovery in aid of such an action. The bill contains averments which, if true, tend to show that the alleged infringement was willful and wanton. The prayer asks for an accounting of profits and damages, and "that, in view of the wanton character of the infringement, such damages be increased to a sum not exceeding three times the amount thereof as provided by law."

Section 24 of the Judicial Code (Comp. St. § 991) provides that the District Court shall have original jurisdiction: * * * Seventh. Of all suits at law or in equity arising under the patent, the copyright, and the trade-mark laws." Section 4919, R. S. (Comp. St. § 9464), provides for actions at law to recover damages for infringement of patents, and authorizes the court to enter judgment "for any sum above the amount found by the verdict as the actual damages sustained, according to the circumstances of the case, not exceeding three times the amount of such verdict." Section 4920, R. S. (Comp. St. § 9466), provides for notice of certain special defenses in actions at law and concludes: "And the like defenses may be pleaded in any suit in equity for relief against an alleged infringement; and proofs of the same may be given upon like notice in the answer of the defendant, and with the like effect." Section 4921, R. S., confers jurisdiction to grant injunctions in patent cases according to the course and principles of equity, and also for the recovery of profits and damages in the same proceeding. It is also provided that "the court shall [have] the same power to increase such damages, in its discretion, as is given to increase the damages found by verdicts in actions in the nature of actions of trespass upon the case."

The allowance of an increase of damages in section 4921, R. S., is a matter which rests somewhat in the discretion of the court. Plaintiff, however, has a right to its exercise when the evidence clearly requires it, and the action of the trial court in this respect is subject to review. Topliff v. Topliff et

al., 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658.

A bill in equity for a naked account of profits and damages against an infringer of a patent cannot be sustained. Such relief is incidental to some other equity, the right to enforce which secures to the patentee his standing in court. The most general ground for equitable interposition is to secure to the patentee the enjoyment of his specific issue by injunction against a continuance of the infringement. Section 4921, R. S., proceeds upon the idea that the court of equity, having acquired jurisdiction for the purpose of administering the equitable relief sought in the bill, may determine directly and for itself, in the same proceeding, all questions incidental to the exercise of its jurisdiction, notwithstanding they may be questions affecting legal titles and legal rights. Root v. Railway Co., 105 U. S. 189, 205, 215, 26 L. Ed. 975.

[1] In the absence of express statutory provision, a court of equity is without authority to assess exemplary or punitive damages. In U. S. v. Bernard, 202 F. 728, 732, 121 C. C. A. 190, 194, Judge Gilbert, speaking for the Circuit Court of Appeals, Ninth Circuit, said:

"The appellant's counsel contend that the government is entitled to recover exemplary damages. In actions of trespass, where the injury is wanton or malicious, or gross and outrageous, or is done against the protest of the plaintiff, or in known violation of the law, the court may permit the jury to add to the measured compensation of the plaintiff further damages by way of punishment or example, the amount thereof to be left to the jury's discretion, in view of the special, peculiar circumstances of the case. But the function of a court of equity goes no farther than to award as incidental to other relief, or in lieu thereof, compensatory damages. It has no authority to assess exemplary damages. By applying to a court of equity for relief, the complainant waives all claim to vindictive damages. Bird v. Wilmington, etc., R. Co., 8 Rich. Eq. (S. C.) 46, 64 Am. Dec. 739."

Section 4921, R. S., gives to the court the "power to increase such damages, in its discretion, as is given to increase the damages found by verdicts in actions in the nature of actions of trespass on the case." The essential nature of the power exercised by a court in awarding exemplary damages is considered in Lake Shore & Michigan Southern Railway Co. v. Prentice, 147 U. S. 101, 13 S. Ct. 261, 37 L. Ed. 97. The court first points out that the question of the power to award punitive or exemplary damages "is a question, not of local law, but of general jurisprudence, upon which this court, in the absence of express statute regulating the subject, will exercise its own judgment, uncontrolled by the decisions of the courts of the several states." The court then says:

"In this court, the doctrine is well settled that in actions of tort the jury, in addition to the sum awarded by way of compensation for the plaintiff's injury, may award exemplary, punitive, or vindictive damages, sometimes called smart money, if the defendant has acted wantonly, or oppressively, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations. * * * Exemplary or punitive damages, being awarded, not by way of compensation to the sufferer, but by way of punishment of the offender, and as a warning to others, can only be awarded against one who has participated in the offense * * * *"

[2] I have pointed out above the general rule that a court of equity is without authority to assess exemplary damages. It is equally well established that a court of equity will not compel a discovery in aid of an action at law, in which the enforcement of a penalty is sought. In 3 Story's Equity Jurisprudence (14th Ed.) § 1942, the principle is stated as follows:

"In the next place courts of equity will not entertain a bill for a discovery to aid the promotion or defense of any suit which is not purely of a civil nature. Thus, for example, they will not compel a discovery in aid of a criminal prosecution, or of a penal action, or of a suit in its nature partaking of such a character, or in a case involving moral turpitude; for it is against the genius of the common law to compel a party to accuse himself, and it is against the general principles of equity to aid in the enforcement of penalties or forfeitures."

In Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746, the court had before it for interpretation section 15 of the Judiciary Act of 1789 (1 Stat. 82), the substance of which is found in section 724, R. S. (Comp. St. § 1469). The section as originally enacted is as follows:

"All the said courts of the United States shall have power in the trial of actions at law, on motion and due notice thereof being given, to require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where

they might be compelled to produce the same by the ordinary rules of proceeding in chancery. * * *"

The court said with reference to that section:

"The restriction of this proceeding to 'cases and under circumstances where they (the parties) might be compelled to produce the same (books or writings) by the ordinary rules of proceeding in chancery,' shows the wisdom of the Congress of 1789. The court of chancery had for generations been weighing and balancing the rules to be observed in granting discovery on bills filed for that purpose, in the endeavor to fix upon such as would best secure the ends of justice. To go beyond the point to which that court had gone may well have been thought hazardous. Now it is elementary knowledge that one cardinal rule of the court of chancery is never to decree a discovery which might tend to convict the party of a crime, or to forfeit his property. And any compulsory discovery by extorting the party's oath, or compelling the production of his private books and papers, to convict him of crime, or to forfeit his property, is contrary to the principles of a free government. It is abhorrent to the instincts of an Englishman; it is abhorrent to the instincts of an American. It may suit the purposes of despotic power, but it cannot abide the pure atmosphere of political liberty and personal freedom."

It is clear, therefore, that under the principles established in the federal courts equity will not compel a discovery in aid of an action at law in which damages are sought, not as compensation, but for the purpose of inflicting punishment on the defendant. None of the cases which have been brought to my attention at the argument or in the very thorough and able briefs of counsel for both plaintiff and defendant hold the contrary. In Reynolds v. Fibre Co., 71 N. H. 332, 341, 51 A. 1075, 1079 (57 L. R. A. 949, 93 Am. St. Rep. 535), in which the court reviews the authorities on discovery in equity, and in which the right to a discovery in aid of an action for personal injuries is sustained, the distinction between cases in which compensatory damages are sought, and those in which it is sought to enforce a penalty, is carefully drawn. The court said:

"But they say that a defendant cannot be called upon to implicate himself directly or indirectly in a personal tort, because it would tend to show moral turpitude, and so is inconsistent with principles of natural justice. It is true, as has already been stated, that a person cannot be called upon to furnish testimony in aid of such an action, or any other which tends to show that he has committed a crime or misdemeanor, or that he is liable to a penalty or a forfeiture of property. * * * They [the defendants] are charged with negligence, merely, consisting of a failure to perform their implied contractual obligation to provide the plaintiff with suitable machinery for the performance of his duties, or a suitable place in which to work. Although the action at law is in form tort, it is in fact based upon the failure to perform a duty arising from an implied promise. * * *"

Congress, however, has seen fit to prescribe in patent cases a departure from the ordinary principles of equitable procedure and relief. Contrary to the general rule, the allowance of punitive damages is permitted in an equity case. The validity of this provision has been recognized repeatedly by the courts. See Topliff v. Topliff et al., supra. The court, in awarding the punitive damages, is acting as a court of equity; otherwise, the provision violates the Seventh Amendment, which guarantees trial by jury in suits at law where the value in controversy exceeds $20.

[3] The power of Congress to confer this authority upon a court of equity as incidental to the exercise of its ordinary jurisdiction cannot be doubted. The Constitution declares (article 3, § 2) that the judicial power shall extend, among other things, to all cases in law and equity arising under the Constitution and laws of the United States. The same article (section 1) declares that this power shall be vested in one Supreme Court, and in such inferior courts as the Congress may, from time to time, ordain and establish. The Supreme Court, interpreting this section in United States v. Union Pacific R. Co., 98 U. S. 569, 602 (25 L. Ed. 143), said:

"The discretion, therefore, of Congress as to the number, the character, the territorial limits of the courts among which it shall distribute this judicial power, is unrestricted, except as to the Supreme Court. On that court the same article of the Constitution confers a very limited original jurisdiction, namely, 'in all cases affecting ambassadors, other public ministers, and consuls, and cases in which a state shall be a party,' and an appellate jurisdiction in all the other cases to which this judicial power extends, with such exceptions and under such regulations as the Congress shall make."

And in the same case the court, sustaining

a statute which gave power in a certain class of cases to unite in one case several causes of action in violation of the rule as to multifariousness applicable in courts of equity, said:

"It has been found convenient in the administration of justice, and promotive of that end, that parties who have no proper connection with each other shall not be compelled to litigate together in the same suit, and that matters wholly distinct from and having no relation to each other, and requiring defenses equally unconnected, shall not be alleged and determined in one suit. · The rule itself, however, is a very accommodating one, and by no means inflexible. Such as it is, however, it may be modified, limited, and controlled by the same power which creates the court and confers its jurisdiction."

Commenting upon the provision in section 4921, R. S., relating to punitive damages, the Circuit Court of Appeals for the Second Circuit, in Untermeyer v. Freund, 58 F. 205, 210, 7 C. C. A. 183, 188, said:

"The subject of the power of a federal court of equity, under the statute now known as section 4921 of the Revised Statutes, to direct the payment of profits and damages, upon a bill in equity brought during the life of a patent to restrain its infringement, · was considered historically, and with great care, in Root v. Railway Co., supra. The Supreme Court held that 'a bill for a naked account of profits and damages against an infringer of a patent cannot be sustained; that such relief ordinarily is incidental to some other equity, the right to enforce which secures to the patentee his standing in court.' The argument of the court assumed as undeniable that, when the patentee had secured his standing in a court of equity of the United States, by a bill in which he asked, and was entitled to obtain, the preventive remedy by injunction, the court could properly proceed to afford incidental relief, and assess the damages which the complainant had suffered in excess of the profits which the defendant had made by virtue of the infringement, and even, at its discretion, increase the actual damages. It is not material whether these damages are unliquidated, and to be assessed by the court, or whether they are called a 'penalty,' provided the Legislature has expressly empowered the court of equity, in a bill brought within its jurisdiction for preventive remedies, to afford this additional and incidental relief. This subject was considered generally in Stevens v. Gladding, 17 How. 454 (decided at the December term, 1854), the question in the case being whether the Copyright Act of 1819, which provided for forfeitures of the infringing copies of a copyrighted book, had conferred upon courts of equity power to enforce forfeitures, or had left them to be enforced at law. The court, speaking by Mr. Justice Curtis, was of opinion that nothing in the act extended 'the equity powers of the courts to the adjudication of forfeitures; it being manifestly intended that the jurisdiction therein conferred should be the usual and necessary jurisdiction exercised by the courts of equity for the protection of analogous rights.' Justice Curtis had, at the November term, 1854, of the Circuit Court, in Stevens v. Cady, 2 Curt. 200, considered the same subject of the power of a court of equity over penalties under the copyright statutes, and said, 'A court of equity does not enforce forfeitures or penalties, unless expressly directed by statute to do so,' and reached the same conclusion, in regard to the absence of power conferred by any existing statute, which was confirmed in Stevens v. Gladding. It is difficult to suppose that the Supreme Court doubted the power of Congress to confer this authority upon a court of equity, as incidental to the exercise of its ordinary jurisdiction."

The power of the Supreme Court to prescribe rules governing the procedure and practice in courts of equity is found in sections 913 and 917, R. S. (Comp. St. §§ 1536, 1543). Section 913, R. S., provides:

"The forms of mesne process and the forms and modes of proceeding in suits of equity and of admiralty and maritime jurisdiction in the Circuit and District Courts shall be according to the principles, rules, and usages which belong to courts of equity and of admiralty, respectively, except when it is otherwise provided by statute or by rules of court made in pursuance thereof; but the same shall be subject to alteration and addition by the said courts, respectively, and to regulation by the Supreme Court, by rules prescribed, from time to time, to any circuit or District Court, not inconsistent with the laws of the United States."

Section 917, R. S., provides:

"The Supreme Court shall have power to prescribe, from time to time, and in any manner not inconsistent with any law of the United States, the forms of writs and other process, the modes of framing and filing proceedings and pleadings, of taking and obtaining evidence, of obtaining discovery, of proceeding to obtain relief, of drawing up, entering, and enrolling decrees, and of

proceeding before trustees appointed by the court, and generally to regulate the whole practice, to be used, in suits in equity or admiralty, by the Circuit and District Courts."

[4] The equity rules promulgated by the Supreme Court under the authority of these sections, when not in conflict with the Constitution or the statutes of the United States, have the force and effect of law. Equity rule 58, so far as relates to the question now under consideration, is as follows:

"The plaintiff at any time after filing the bill and not later than twenty-one days after the joinder of issue, and the defendant at any time after filing his answer and not later than twenty-one days after the joinder of issue, and either party at any time thereafter by leave of the court or judge, may file interrogatories in writing for the discovery by the opposite party or parties of facts and documents material to the support or defense of the cause, with a note at the foot thereof stating which of the interrogatories each of the parties is required to answer. But no party shall file more than one set of interrogatories to the same party without leave of the court or judge.

"If any party to the cause is a public or private corporation, any opposite party may apply to the court or judge for an order allowing him to file interrogatories to be answered by any officer of the corporation, and an order may be made accordingly for the examination of such officer as may appear to be proper upon such interrogatories as the court or judge shall think fit. * * *

"The court or judge, upon motion and reasonable notice, may make all such orders as may be appropriate to enforce answers to interrogatories or to effect the inspection or production of documents in the possession of either party and containing evidence material to the cause of action or defense of his adversary. Any party failing or refusing to comply with such an order shall be liable to attachment, and shall also be liable, if a plaintiff, to have his bill dismissed and if a defendant, to have his answer stricken out and be placed in the same situation as if he had failed to answer."

[5] The rule is general in its terms. It applies to all equity cases. There are no exceptions. As I have pointed out above, Congress, in the exercise of its undoubted authority, has broadened the scope of the power of a court of equity in patent cases. Such a case, however, remains an equity case, and the final decree, whether punitive damages are allowed or not, is a decree in an equity case. Congress has the power to permit the allowance of punitive damages as a part of the decree in an equity case, and the Supreme Court, in the exercise of the authority granted by Congress, has the power to prescribe the mode of obtaining discovery in all suits which, under the laws of the United States, may be maintained on the equity side of the court. When Congress provided, as it had the power to do, that punitive damages might be awarded in a certain class of suits in equity, it removed those cases from the operation of the ordinary rule as to penalties and forfeitures obtaining in courts of equity. It created a class of cases in which penalties are enforced, but in which the parties have the same rights as to evidence, discovery, and modes of procedure as they would have in an ordinary equity suit. The only limitation, if any, must be found in the Constitution and statutes of the United States.

It is obvious that no such limitation is found in the statutes of the United States. On the contrary, section 4921, R. S., provides for the imposition of punitive damages as a part of the relief to be granted in equity. Nor is there any limitation in the Constitution which is applicable where the defendant is a corporation and some officer is required, pursuant to rule 58, to answer interrogatories. It is unnecessary to consider here whether or not there is a constitutional limitation where the defendant required to answer the interrogatories is an individual.

[6] The benefits of the Fifth Amendment are exclusively for the witness compelled to testify against himself in a criminal case, and he cannot set them up on behalf of any other person or individual, or of a corporation of which he is an officer or employee. Hale v. Henkel, 201 U. S. 43, 26 S. Ct. 370, 50 L. Ed. 652; Wilson v. United States, 221 U. S. 361, 31 S. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558.

There being no limitation in either the federal Constitution or statutes which protects the defendant corporation against answering the interrogatories, this court should not read into the general rule of the Supreme Court applicable to all equity cases an exception which the Supreme Court has not seen fit to incorporate in the rule itself, and which is not found in any interpretation of the rule which the Supreme Court has given in its decisions.

[7] The other objections involve questions which it is not necessary to discuss at length. It is sufficient to mention the rules which are applicable. The plaintiff will not be required to discover the particulars of

his own cause of action, where such particulars do not relate to any pleaded defense. Nor will the defendant be compelled to disclose facts material only to his defense. Neither plaintiff nor defendant is entitled to discovery of an inquisitorial character as to the ground of action or defense of the other. The right of discovery as to matters material to the cause of action or defense of the interrogating party will not be defeated by the fact that such matters also involve the ground of the defense or action of the interrogated party. The disclosure of ultimate facts only can be required. To the extent that discovery may be granted as to material matters of fact, it must be limited to inquiry as to the material facts, and does not extend to a disclosure of evidence or of facts which merely tend to prove the material facts. The right does not extend to the discovery of the manner in which, or the evidence by which, the case of plaintiff or defendant is to be established. Discovery of the names of witnesses by whom the adversary proposes to prove his case will not be compelled. A party cannot be compelled to discover facts of which the other party had equal knowledge, or equal means of knowledge. An interrogatory filed under the rule should embrace a single question, and should be so framed that it may be clearly seen what the interrogated party is called upon to answer.

Applying these general rules, and giving effect to certain concessions made by the parties in their briefs and arguments, the objections to interrogatories 1, 2, 3, 4, 5, 6, 7, 8, and 8b are overruled. Objections to the other interrogatories are sustained.