## STANDARD OIL CO. v. UNIVERSAL OIL PRODUCTS CO.

District Court, N. D. Illinois, E. D. July 15, 1927.

No. 3770.

1. Patents ☞292—Claim for treble damages in patent infringement suit does not give defendant immunity from discovery, or prevent his being compelled to answer interrogatories (Comp. St. § 9467).

Rev. St. § 4921 (Comp. St. § 9467), providing for treble damages in patent infringement suit, removes the equitable right to immunity from discovery whenever a penalty is sought, and in such case defendant may be compelled to answer interrogatories notwithstanding treble damages are claimed.

2. Discovery ☞9—Only facts pertinent to issues may be obtained through interrogatories.

It is well established that only those facts directly pertinent to the issues may be obtained through interrogatories.

3. Patents ☞292—Interrogatories seeking facts establishing patent infringements, not affirmatively shown by bill, held objectionable.

In patent infringement suit, interrogatories seeking facts to establish infringements that were not affirmatively shown by allegations of bill held objectionable.

In Equity. Patent infringement suit by the Standard Oil Company against the Universal Oil Products Company. On defendant's objections to plaintiff's application for interrogatories. Objections sustained.

Dyrenforth, Lee, Chritton & Wiles, of Chicago, Ill., for plaintiff.

Alexander F. Reichmann and Frank L. Belknap, both of Chicago, Ill., and Charles M. Thomas, of Washington, D. C., for defendant.

CLIFFE, District Judge. This matter is before the court on defendant's objections to

plaintiff's application for interrogatories. Defendant has filed elaborate objections categorically directed to the interrogatories. Upon careful consideration of these objections, and examination of the authorities on the subject, I conclude:

[1] First. While many decisions favor the view that where, in a patent infringement suit, treble damages are sought, the defendant should not be compelled to answer interrogatories (see Beacon Folding Machine Co. v. Rotary Machine Co. [D. C.] 17 F.[2d] 934; Healthometer Co. v. Jacobs Bros. Co., Inc. [D. C.] 12 F.[2d] 96), I agree with the conclusion reached by Judge Wilkerson in Taylor v. Ford Motor Co. (D. C.) 2 F.(2d) 473, to the effect that the provision for treble damages (R. S. § 4921 [Comp. St. § 9467]) in patent infringement cases removed the theretofore equitable right to immunity from discovery whenever a penalty was sought. See, also, Standard Oil Co. v. Roxana Petroleum Corp. (D. C.) 9 F.(2d) 453.

[2, 3] Second. The interrogatories propounded seek facts to establish infringements that are not affirmatively shown by the allegations in the bill. It is well established that only those facts directly pertinent to the issues may be obtained through interrogatories. A party may not, through interrogatories, inquire outside of that field, in order thereby to establish circumstantially or indirectly the facts that be within it. New Jersey Zinc Co. v. E. I. Du Pont de Nemours & Co. (D. C.) 11 F.(2d) 908.

As stated by Judge Wilkerson in Taylor v. Ford Motor Co. (D. C.) 2 F.(2d) 473, 478: "The disclosure of ultimate facts only can be required. To the extent that discovery may be granted as to material matters of fact, it must be limited to inquiry as to the material facts, and does not extend to a disclosure of evidence or of facts which merely tend to prove the material facts."

Tested by this rule, the interrogatories are clearly objectionable. Let an order be entered sustaining defendant's objections to the interrogatories filed by plaintiff.