## INTERNATIONAL CELLUCOTTON PRODUCTS CO. v. CALEDONIA CELLULOSE CO., Inc.

### No. 853.

District Court, M. D. Pennsylvania.
Jan. 15, 1932.

Knapp, O'Malley, Hill & Harris, of Scranton, Pa., and Fisher, Clapp, Soans & Pond, of Chicago, Ill., for plaintiff.

Landau & Nogi, of Scranton, Pa., and George P. Kimmel, of Washington, D. C., for defendant.

WATSON, District Judge.

To the interrogatories filed by the plaintiff in this suit, the defendant has presented objections, and moves that the interrogatories be dismissed.

The allegation of the bill with respect to infringement is, based upon information and belief, that the defendant is using, or causing to be used, methods which include the subject-matter of claims of letters patent No. 1,794,358 and No. 1,680,268, and that the defendant is using, or causing to be used, with-

in the United States, machines embodying the subject-matter of claims of letters patent No. 1,794,358. "It is obvious that such generality of pleading can neither broaden the suit nor extend the rights of the plaintiff thereunder beyond the maximum scope of the patents sued upon." New Jersey Zinc Co. v. E. I. Du Pont de Nemours & Co., Inc. (D. C.) 11 F.(2d) 908.

The plaintiff asks that the defendant be required to answer the following interrogatories:

"1. Is the Defendant a Corporation, and if so, under the laws of what State is it organized?

"2. Has the Defendant a manufacturing establishment within the Middle District of Pennsylvania?

"3. If the Defendant manufactures sanitary napkins within the Middle District of Pennsylvania, state whether or not any machinery is used by Defendant for such purpose.

"4. Has the Defendant since March 3, 1931, used or operated within the Middle District of Pennsylvania, a sanitary napkin machine having the following characteristics: A traveling belt on which is supported a traveling strip of gauze on which gauze strip there are automatically deposited, at suitable spaced intervals, sections of padding material severed from a strip or roll of padding material, which padding material is delivered to the gauze in a direction cross-wise of the direction of travel of the belt?

"5. Please furnish complete scale or working drawings and a description, of the machines employed by Defendant in its manufacturing establishment in the Middle District of Pennsylvania for making or assembling sanitary napkins.

"6. If the Defendant does not have or cannot furnish drawings or the description called for in the preceding Interrogatory, please deliver to Plaintiff's Counsel a written order granting to Plaintiff's Counsel and its representatives, permission to inspect said machines, observe the operation thereof and to prepare photographs, description and/or working drawings thereof.

"7. Is it not a fact that the Defendant since March 3, 1931 has used, in the manufacture of sanitary napkins, and in the Middle District of Pennsylvania, a sanitary napkin assembling machine furnished to Defendant by the Syracuse Machine Company of Syracuse, New York, and having the following features: A traveling belt on which is supported a traveling strip of gauze on which gauze strip there are automatically deposited, at suitably spaced intervals, sections of padding material severed from a strip or roll of padding material, which padding material is delivered to the gauze in a direction cross-wise of the direction of travel of the belt, together with stationary members for folding the side margins of the gauze strip over the spaced sections of padding material?

"8. Did defendant on or about August 29, 1931 receive, from Plaintiff's Counsel, a notice advising Defendant that it was infringing the Weiss Patent No. 1,680,268, and the Bauer Patent No. 1,794,358?

"9. Since August 29, 1931, has the Defendant continued to use the said machinery?"

It seems to be well settled that plaintiff's interrogatories in patent infringement suit, not affirmatively shown by bill or by an inspection of patents themselves to be limited to the facts within the field occupied at least prima facie by patents in suit, cannot be sustained. New Jersey Zinc Co. v. E. I. Du Pont de Nemours & Co., Inc., supra. And, as I view it, plaintiff's interrogatories seeking discovery upon suspicion, surmise, or vague guesses do not come within Equity Rule 58 (28 USCA § 723), and should not be allowed. Gasoline Products Co., Inc., v. Refining Co., Inc. (D. C.) 12 F.(2d) 98, 99.

"While recognizing the right of a plaintiff in a patent suit to obtain from a defendant or its officers through interrogatories certain facts pertinent to the issue of infringement, it is, likewise, obvious, I think, that any interrogatory seeking facts, to establish infringement, that are not affirmatively shown by the allegations of the bill (or possibly by an inspection of the patents themselves) to be limited to those facts only which fall within the boundaries of the field occupied at least prima facie, by the patents in suit, cannot be sustained. Moreover, it is well established that only those facts directly pertinent to the issues may be obtained by interrogatories, and that a party may not through interrogatories inquire for facts outside that field, in order to establish indirectly or circumstantially the facts that lie within it. J. J. Day Co. v. Mountain City Mill Co. (D. C.) 225 F. 622; P. M. Co. v. Ajax Rail Anchor Co. (D. C.) 216 F. 634, 636; Wolcott v. National Elec. Signaling Co. (D. C.) 235 F. 224; Kinney v. Rice (D. C.) 238 F. 444." New Jersey Zinc Co. v. E. I. Du Pont de Nemours & Co., Inc., supra.

382

■ In Gasoline Products Co., Inc., v. American Refining Co., Inc., supra, Judge Morris said: "While, as I view the matter, the plaintiff in a patent suit may ask the defendant, through interrogatories, whether the defendant is making, using, or vending a specific structure or product, or using a specific process, which appears to be, at least prima facie, within the scope of the claims of the patents sued upon, yet the plaintiff in such suit is without right to ask the defendant, broadly and generally, what structure or product it is making, using, or vending, or what process it employs (New Jersey Zinc Co. v. E. I. Du Pont de Nemours & Co., Inc. [D. C.] 11 F. [2d] 908), for the facts sought by the latter inquiry are not confined to the scope of the bill, and are not shown by the bill to be 'material to the support of the cause.' "

While there are some reported decisions not in accord with the view expressed by Judge Morris, I do not think they carry conviction. In Gasoline Products Co., Inc., v. American Refining Co., Inc., the defendant was not compelled to disclose and lay open in the infringement suit all its processes and apparatus to one whose rights were not shown to be at least coextensive with the discovery sought. The defendant should not be compelled to do so under such circumstances, and I am in entire accord with the decision in Gasoline Products Co., Inc., v. American Refining Co., Inc.

■ Tested by the foregoing principles, I am of opinion that the objections to interrogatories 2, 3, 5, 6, 7, and 9 should be sustained. As to interrogatories 1 and 8, these have been replied to in defendant's answer, and there is no reason why interrogatories 1 and 8 should be answered.

■ Now, January 15, 1932, the following order is made: Interrogatories 1, 2, 3, 5, 6, 7, 8, and 9 are disallowed. Interrogatory 4 is allowed.