## CHICAGO FLEXIBLE SHAFT CO. v. NEUPERT PRODUCTS CORPORATION et al.

### No. 1824.

District Court, W. D. New York.
Jan. 24, 1934.

Bean & Brooks and Edwin T. Bean, all of Buffalo, N. Y., for plaintiff.

Harold I. Popp, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

Motion for order requiring defendant to answer interrogatories.

The bill of complaint alleges infringement of certain patents by the defendants. The answer denies infringement, but admits the manufacture and sale of the machine claimed to infringe. The interrogatories are directed to ascertain the relationship, if any, which the Neupert Manufacturing Company, Inc., has with defendant Clarence W. Neupert in the manufacture or assemblage of the machine charged by plaintiff to infringe. The complaint contains no allegation of any connection of the Neupert Manufacturing Company, Inc., with either defendant. These inquiries are therefore not material in support of plaintiff's cause and do not come within the contemplation or purpose of Equity Rule 58 (28 USCA § 723). It is needless to say that interrogatories cannot be sustained on the theory that a cause of action against a party other than a defendant may be discovered. Maywood v. Texas Co. (D. C.) 17 F.(2d) 490; Standard Oil Co. v. Universal Oil Products (D. C.) 21 F.(2d) 159.

McLeod Tire Corp. v. B. F. Goodrich Co. (D. C.) 268 F. 205, Luten v. Camp et al. (D. C. E. D. Pa.) 221 F. 424, and Gormully & Jeffrey Manufacturing Co. v. Bretz et al. (C. C.) 64 F. 612, cited by plaintiff, are not in conflict with the opinion herein expressed. The McLeod Case states the rule as regards liberality in the allowances of interrogatories. The Luten Case allowed interrogatories which clearly related to the issue, and the Gormully Case limited the interrogatories to the interest of defendants in a company which the bill charged was operating for defendants under another name.

What has been said applies to each interrogatory herein, and the motion is therefore in all respects denied.