## MIDWEST MFG. CO., Inc., v. STAYNEW FILTER CORPORATION.
### No. 771.

District Court, W. D. New York.
Nov. 18, 1935.

See, also, 7 F.Supp. 360; 11 F.Supp. 705.

**878**

Arthur F. Robert, of Louisville, Ky., and Edward H. Cumpston, of Rochester, N. Y., for plaintiff.

John Van Voorhis' Sons, of Rochester, N. Y. (Strauch & Hoffman, of Washington, D. C., of counsel), for defendant.

KNIGHT, District Judge.

The plaintiff moves by separate motions (1) to compel the defendant to serve a bill of particulars; (2) to strike out certain paragraphs of the answer; and (3) to strike certain of defendant's interrogatories.

It is important at the outset to have a general idea of the matters at issue. The suit is for the infringement of patent No. 1,521,575, an improvement in filters for purifying air. The application for the patent was filed in 1921. It is claimed that it combines the subject-matter of two German applications filed in 1915 and 1919, respectively. In 1915 a German application was filed by one Heinrich Wittemeier, and in 1919 German application was filed by Deutsche Luftfilter, Baugesellschaft, commonly termed Delbag. The United States application was filed by Hans Wittemeier, and he claims to be the inventor of the subject-matter of the application and claims the German application filing dates as priority dates for this patent, under the provisions of the Nolan Act (35 U.S.C.A. §§ 80–87). Claims 7 and 8 of the patent in suit are the only claims involved herein, and they are alleged to involve only the subject-matter of the Delbag application. The motions will be considered in a single opinion and in the order in which they have been hereinbefore stated.

Upon the motion for a bill of particulars, the court holds:

■ (1) The request for direction to produce copy of a letter to which reference is made in paragraph 8 of the answer is denied. This denial is based upon the rule where the information sought is either peculiarly within the knowledge of the moving party or where such party has equal opportunity for knowledge, the request should be denied.

■ Defendant is directed to state in what respects the letter hereinbefore mentioned is inadequate or insufficient as a notice of the alleged infringement of the patent in suit. This allegation with reference to the letter supposes the proof of an inter-

mediate ultimate fact. As such, it is subject to a bill of particulars under Equity Rule 20 (28 U.S.C.A. following section 723). A bill of particulars in this respect will serve to clarify and simplify the issues. It will not compel the exposure of defendant's theory of a defense. Universal Oil Products Co. v. Skelly Oil Co. (D. C.) 12 F.(2d) 271.

■ (2) Paragraph 18 of the answer alleges that the inventor of the patent in suit did not file a complete application within the operative Nolan Act period. The facts to support this conclusion are properly the subject of inquiry by a bill of particulars with the purpose of narrowing and simplifying the issues.

■ (3) Paragraph 22 of the answer alleges that the Commissioner of Patents has exceeded his legal authority in the issuance of a patent in "that there was no compliance with the statute for prerequisites to the issue of a proper patent." What has been said in 1 and 2 hereinbefore applies to this paragraph of the pleading. Defendant should state the respects in which there was a failure to comply.

(4) The request for bill of particulars with respect to paragraph 25 of the answer has been withdrawn.

■ (5) Paragraph 27 of the answer alleges that the inventor did not invent the patents; that he fraudulently represented to the United States that he was the inventor; that in bad faith he assigned the patent to the plaintiff, who in bad faith maliciously circulated statements among defendant's customers warning them not to purchase defendant's product and that by instituting and delaying the prosecution of this suit, plaintiff is damaging the business of defendant. It is a fundamental principle of pleading under Equity Rule 25 (28 U.S.C.A. following section 723) that the bill must be sufficiently specific to show the claim made. The paragraph is general in its statement, except in so far as it alleges that the inventor fraudulently represented to the United States that he was such. Defendant is asked to state "upon which of these statements it will rely as being false and maliciously circulated by plaintiff among defendant's customers, to what customers statements were made, when, where, and by whom such statements were made, whether the statements were made orally or in writing, and if in writing * * * then to pro-

duce the same or exact copies thereof." It is a well-settled rule that the parties shall not be required to plead or set up evidentiary matters. Equity Rule 25 requires the pleader to make "a short and simple statement of the ultimate facts" upon which he will rely. Equity Rule 20 provides that a party may be required to make "a further and better statement of the nature of the claim or defense, or further and better particulars of any matter stated in any pleading." These two rules are to be read together. Rule 20 is not broader than rule 25. Ultimate facts are all that can be required to be set up in a bill of particulars under rule 20.

■ The defendant should state to what customers false statements are claimed to have been made. This does not call for an evidentiary statement or necessarily a statement of the names of witnesses. This holding is in accord with O-So-Ezy Mop Co. v. Channell Chemical Co. (D.C.) 230 F. 469, 470, in which Judge Augustus N. Hand, said: "While in this case the plaintiff may be assumed to know what, if any, derogatory statements concerning the defendant it really made, it does not necessarily know what statements of this nature the defendant may claim were made, who made them, or, consequently, whether the person charged with having made them was an authorized representative of the plaintiff." A. B. Dick Co. v. Underwood Typewriter Co. (D.C.) 235 F. 300; and Bodine v. First Nat. Bank of Merchantville (D.C.) 281 F. 571.

■ The further requests as to paragraph 27 are denied as calling for a statement of defendant's evidence. Reviewing the decision of Judge Rippey on a motion for the bill of particulars made by the defendant (11 F.Supp. 705), I do not see that there is any conflict with the view I have just expressed.

The plaintiff moves to strike paragraphs 20, 21 in part, 24, 25 of the answer. The grounds for striking 20, 24, and 25 are the same. Paragraph 20 alleges that Hans Wittemeier was not the inventor; that he obtained the patent surreptitiously; that he knows the actual inventor; and that defendant does not know the actual inventor. Paragraph 24 alleges that the German application which is said to be the basis of claims 7 and 8 in issue were never issued into a patent; that this failed to issue for the reasons asserted as defenses to claim 7, 8 in suit; that these defenses were known to plaintiff and not to defendant. Paragraph 25 in substance alleges that the invention was in public use before the alleged invention; that the invention was in public use more than two years prior to the United States invention; that the invention was known to and used by others before the patentee invented; and that the users and the places of use were known to the plaintiff and were not known to the defendant.

■ Five separate special defenses in an action of infringement are permissible. Section 4920, Rev. Stat. (35 U.S.C. § 69, 35 U.S.C.A. § 69). The above-mentioned allegations are purported to come within the second, third, fourth, and fifth special defenses enumerated in the statute. To make these defenses available, the party invoking it, either in the answer or by notice, must specify certain things. Such things include statement of the name of the patentee, the dates of the patents; the names of the persons alleged to have invented the thing patented, his prior knowledge of the thing patented, and where and by whom the thing has been used. The notice must be given thirty days before trial. No notice has been given. The purpose of these provisions is to inform the opposite party of the claims made and narrow the issues. Klein v. City of Seattle (C.C.A.) 77 F. 200; Wise v. Allis, 9 Wall. 737, 19 L.Ed. 784.

The basis of plaintiff's motion to strike is that each allegation is insufficient because it admits that the defendant has not the power to give and cannot give the notice required by section 4920 (35 U.S. C.A. § 69), and that each allegation is insufficient because it does not afford a basis for discovery. Defendant admits its inability to make the statements required to be given in the notice. Defendant, however, asserts that it can obtain this information through a discovery. So if defendant is not entitled to a discovery, it cannot meet the legal requirements. Unless the defendant has been foreclosed in his right to obtain a discovery and to serve a notice by the nature of his pleading, such notice can now be given.

■ Whether the defendant is entitled to a discovery is not now before the court. When application for it is made, defendant must show that disclosures relate to affirmative defense and are material. The

reason sufficient to the court for the discovery must be shown and the material matters of inquiry must be made to appear. J. H. Day Co. v. Mountain City Mill Co. (D.C.) 225 F. 622; Standard Oil Co. v. Universal Oil Products Co. (D.C.) 21 F.(2d) 159. The discovery cannot be a mere fishing expedition. International Cellucotton Products Co. v. Caledonia Cellulose Co. (D.C.) 55 F.(2d) 380. There are almost innumerable cases on this point. To obtain such an order for discovery, defendant must show something more than suspicion or surmise. It must appear that there is real merit in the purpose.

■■■ Paragraphs 20, 21, 24, and 25 are stated to be on information and belief and do not state the source of the defendant's information and belief. This is not necessary in the pleading. When the application is made for the order of discovery, the source of the information and the grounds of belief must be shown.

Plaintiff moves to strike paragraph 21 in part. It is claimed that the allegations are indefinite or redundant in part and immaterial in part.

■■ In paragraph 21 it is alleged that the patentee cannot establish right to priority earlier than the United States filing date, and it is claimed that it is not sufficient as an allegation that the patent is invalid. This clearly is so. This clause should be stricken.

■■ It is alleged that the patentee falsely claimed the benefit of the Nolan Act upon unidentified German patent. It is claimed that this allegation is redundant, because it is already set up in part (a) of paragraph 21. This contention is well made, and this paragraph should be stricken.

■■ It is alleged that the patentee failed to mention the 1919 invention in the oath as required by law. There is no statute requiring the mentioning of this invention in the oath. It is required by a rule of the Patent Office. By statute, these rules have the force of law. Without passing on the affect of the failure to comply with the rule, I think this allegation should be permitted to stand to be considered in connection with the other proof in the case.

■■ The motion to strike paragraph 20, 24, and 25 in their entirety is denied; motion to strike part of paragraph 21, as indicated, is granted.

Plaintiff moves to strike certain interrogatories.
Interrogatory 1:

■■ (a) In so far as this interrogatory relates to the date and place of any printed publication containing the subject-matter of claims 7 and 8, made prior to the filing of the United States application, the interrogatory is allowed; otherwise denied.

(b) This is too indefinite, and is disallowed.

(c) Allowed.

■■ (d) Disallowed, because it is put too indefinitely and the inquiries are directed to matters which are not material.
Interrogatory 2:

■■ This motion to strike is granted. Whether any patent was ever issued by the German Patent Office based on German application No. D 35,434-111/50e is not material. Patent in suit is based upon the filing of the application.

Interrogatory 3:
■■ Motion to strike is granted for the reason that the records are immaterial, and for the reason that there is nothing to show that plaintiff has possession of or can procure possession of such records.
Interrogatory 4:

■■ Motion to strike is granted. The plaintiff should disclose such documents as it has claimed as the basis for its rights to the patent.
Interrogatory 5:
Motion to strike should be granted. The interrogatory is too broad and also too indefinite.
Interrogatory 6:
Motion to strike is granted for the reasons assigned upon the motion as to interrogatory No. 5.
Interrogatory 7:
Motion is granted for the reasons assigned in granting motion as to interrogatory No. 5.

The answer in its entirety is somewhat verbose and ambiguous. In my decision upon these several motions, I have disregarded certain technical grounds which have been put forth with the thought that these ought not to weigh against the allowance of certain paragraphs of the answer when each is considered in its entire-

ty. If the court errs, it is deemed best that the erring be on the side of a liberal construction of the pleading.