DYKEMA v. LIGGETT DRUG CO., Inc.

No. 1967.

District Court, W. D. New York.

Nov. 19, 1935.

See also (D.C.) 12 F.Supp. 1008.

Locke, Babcock, Hollister & Brown, of Buffalo, N. Y., Byrnes, Stebbins & Blenko, of Pittsburgh, Pa., for plaintiff.

Dudley, Stowe & Sawyer, of Buffalo, N. Y., and Watson, Bristol, Johnson & Leavenworth, of New York City, for defendant.

KNIGHT, District Judge.

Plaintiff moves for an order directing the defendant to answer this interrogatory: "Is the defense of this suit being conducted by and at the expense of Vick Chemical Company and are the attorneys acting for the defendant in this suit employed to act in this suit by Vick Chemical Company?"

This court has heretofore passed on the question of the right to an answer to questions to the same effect. Chicago Flexible Shaft Co. v. Neupert Products Corporation (D.C.) 7 F.Supp. 362. The interrogatory was disallowed.

On the same day in which the answer was filed in this suit, a suit was brought by Vick Chemical Company against the plaintiff herein for a declaratory judgment determining the issues of patentability and infringement of the patents in suit here. That suit remains undetermined. Further, identical questions have been raised in both suits by motion for particulars by the plaintiff and motions for particulars and interrogatories filed by the defendant. It is asserted that, if the Vick Company is defending this suit, then two suits between the same parties are pending, that one will be res adjudicata as to the other, that one trial only is necessary, and that expense

and trouble from double litigation will be prevented.

This court has held that the subject-matter of this interrogatory herein is properly a matter for proof on the trial, and that it is not the subject of inquiry through interrogatories. The unusual situation presented here does not alter the basis for our earlier decisions. While Vick Chemical Company may be defending this suit, the defendant, Liggett Drug Company, Inc., is not absolved from liability. If plaintiff is to be entitled to recover, it will be entitled to recover damages against the defendant Liggett Drug Company, Inc., for its acts in violation of plaintiff's rights. Vick Company is not the real party in interest, though its defense of this suit on behalf of the defendant herein will be binding on Vick Company with respect to infringement. The quotation by plaintiff from the case of A. B. Dick Co. v. Simplicator Corporation et al. (D.C.) 30 F.(2d) 713, is from the decree on the trial of the issues.

The motion to require defendant to answer interrogatory No. 18 is denied, and the interrogatory disallowed.